WILSON TURNER KOSMO LLP
CLAUDETTE G. WILSON (110076)
KATHERINE K. POTHIER (171783)
EMILY J. FOX (262106)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: cwilson@wilsonturnerkosmo.com
E-mail: kpothier@wilsonturnerkosmo.com
E-mail: efox@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARCOS HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 16-5808<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a) (DIVERSITY JURISDICTION)**<br><br>District Judge:<br>Courtroom:<br><br>Magistrate Judge:<br>Courtroom:<br><br>Complaint Filed: June 8, 2016<br>Trial Date: Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1441(a), Defendant TARGET CORPORATION (Defendant), hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California,

-1-

Case No. 16-5808

Western Division, and sets forth in support of its Notice of Removal of Action the following:

1. On June 8, 2016, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Marcos Hernandez v. Target Corporation*, Case No. BC623091.

2. The Complaint was served upon the Defendant on June 24, 2016. A true and correct copy of the Service of Process Transmittal, Summons and Complaint is attached as **Exhibit A**.

3. The Complaint alleges the following causes of action against Defendant: (1) Fair Employment and Housing Act (FEHA) sex or sexual orientation discrimination; (2) FEHA sex or sexual orientation harassment; (3) FEHA failure to prevent harassment or discrimination; (4) FEHA retaliation; and (6) Wrongful Discharge in Violation of Public Policy.

4. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action between citizens of different states and it appears on the face of the Complaint that the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. On August 1, 2016, Defendant timely filed and served its Answer to the Complaint. A true and correct copy of Defendant's Answer is attached as **Exhibit B**.

### Complete Diversity Exists

6. As set forth below, complete diversity exhibits between Plaintiff, on the one hand, and Defendant, on the other hand.

7. Upon information and belief, at the time of the filing of this Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California, inasmuch as Plaintiff states within the only Exhibit attached to his Complaint (his DFEH Charge) that he lives in North Hollywood, California (Compl., Exhibit A, p. 5.)

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a) (DIVERSITY JURISDICTION)

Plaintiff's residence is *prima facie* evidence that he is domiciled in California for purposes of diversity. *State Farm v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994); *Johnson v. Mitchell*, No. 2:10-cv-1968 GEB GGH PS, 2012 U.S. Dist. LEXIS 111685, at *6 (E.D. Cal. Aug. 7, 2012).

8.     Defendant was, at the time this action was filed in state court and still is, a corporation duly organized and existing under the laws of the State of Minnesota. **Exhibit C**, Therese-Marie Vu Decl. ¶ 2. Defendant's corporate headquarters are located in Minneapolis, Minnesota. *Id.* at ¶ 3. Defendant's corporate headquarters are where the majority of executive and administrative functions are performed and where the majority of its corporate officers and executives are located. *Id.* Therefore, under the "nerve center" test, Defendant's principal place of business is in Minnesota. *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192 (2010). Accordingly, Defendant is a citizen of Minnesota for the purpose of jurisdiction.

9.     The Complaint also names Defendant Does 1 through 50. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded.

## The Amount In Controversy Requirement Is Satisfied

10.     From the face of the Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Plaintiff alleges he was unlawfully harassed, discriminated and retaliated against, that Defendant failed to prevent discrimination and harassment, and that Defendant wrongfully terminated him in violation of public policy. Although Plaintiff omits any direct references to the amount in controversy, as a result of the alleged misconduct, Plaintiff seeks back-pay and front-pay, including "substantial" loss of salary and benefits, loss of "employment-related opportunities for growth in his field," damage to his professional reputation, as well as damages associated with on-going, serious emotional distress. (*See, e.g.*, Compl., Exh. A, ¶¶ 23-24, 31-32, 38-39, 45-46, 53-54; Prayer for Relief, Exh. A. at p. 11.) Plaintiff also seeks attorneys' fees and punitive damages. (*See, e.g.*,

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a) (DIVERSITY JURISDICTION)

Compl., Exh. A, ¶¶ 25-26, 33-34, 40-41, 47-48, 55; Prayer for Relief, Exh. A, at p. 11.)

11. Where, as here, a complaint filed in state court is unclear as to the amount in controversy, a removing party need only show it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.* 506 F.3d 696, 699 (9th Cir. 2007). Further, courts must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).

12. With respect to lost wages, Plaintiff alleges that a result of the alleged wrongdoing by Defendant, he was terminated on June 20, 2014, and he does not allege he has become re-employed. (Compl., Exh. A, at ¶ 13.) At the time of his termination, Plaintiff was earning $8.74 per hour, and working 20 or more hours per week. (Exh. C; Therese-Marie Vu Decl. ¶ 4.) By extrapolating his approximate weekly rate of $175 to the date of this Removal (approximately 105 weeks), Plaintiff's lowest level of economic damages to date are approximately $18,375, or more, in lost wages alone. This does not include lost benefits and future lost wages that Plaintiff will argue reflect promotions, increased salary, and increased weekly hours.

13. In addition, Plaintiff seeks former and ongoing emotional and mental distress damages. (Compl., Exh. A, ¶¶ 24, 32, 39, 46, 54; Prayer for Relief, Exh. A. at p. 11.) Specifically, Plaintiff alleges that he has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount proven at trial." (*Id.*) Even where economic damages are minimal, Plaintiff's claim for on-going emotional distress damages can exceed the jurisdictional threshold. *See, e.g., Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803, 821-22 (1999) (affirming emotional distress damages award of over $450,000 on FEHA retaliation claim where plaintiff's economic damages were between less than $10,000 and at most $37,500); *Taylor v. Nabors Drilling USA, LP*, 222 Cal.App.4th

-4-                                                                    Case No. 16-5808

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§
1332, 1441(a) (DIVERSITY JURISDICTION)

1228, 1248 (2014) (affirming $150,000 emotional distress award in harassment case where economic damages were zero); *see also Watson v. Dept. of Rehabilitation*, 212 Cal.App.3d 1271 (1989) (upholding a $1.17 million emotional distress award in a race and age discrimination case where maximum economic damages were approximately $380,000).

14.     Plaintiff also seeks punitive damages, which are part of the amount in controversy in a civil action where they are potentially recoverable under one or more of the plaintiff's claims for relief. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff's action is brought pursuant to the FEHA, under which punitive damages are available. Cal. Govt. Code § 12940. Although Plaintiff does not indicate how much he seeks in punitive damages, given the types of claims he has asserted, punitive damages alone could exceed $75,000. *See, e.g., Roby v. McKesson Corp.*, 47 Cal.4th 686, 720 (permitting punitive damages against corporate defendant for approximately $1.9 million in employment discrimination and harassment case); see generally *Bankhead v. ArvinMeritor, Inc.*, 205 Cal.App.4th 68, 88 (2012) (noting that California courts have adopted a broad range of permissible ratios of punitive to compensatory damages, from as low as one to one to as high as 16 to 1).

15.     Finally, Plaintiff seeks attorneys' fees, which are recoverable by a prevailing plaintiff under the FEHA. *See, e.g., Vo v. Las Virgenes Mun. Water Dist.* 79 Cal.App.4th 440, 446 (2000) (affirming attorneys' fee award of $470,000 despite recovery of less than $40,000 on failure to prevent discrimination or harassment and hostile work environment claims); *Greene v. Dillingham Constr. N.A., Inc.*, 101 Cal.App.4th 418, 429 (2002) (affirming attorneys' fees award of approximately $1.1 million on FEHA harassment claim).

16.     Thus, taken together, Plaintiff seeks damages well in excess of $75,000.

-5-                                                    Case No. 16-5808

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a) (DIVERSITY JURISDICTION)**

## The Other Requirements for Removal are Met

17.     This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

18.     This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely filed under 28 U.S.C. § 1446(c).

19.     Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.

20.     Defendant filed its Answer to Plaintiff's Complaint in Los Angeles County Superior Court on August 1, 2016.  A true and correct copy of Defendant's Answer is attached as Exhibit B.

1.      A true and correct copy of all other process, pleadings and orders served in this action at the time of this removal and known to Defendant are attached as Exhibit C.  Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, Exhibits A, B, and C constitute all the process, pleadings, and orders served in this action at the time of this removal.

Counsel for Target certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to counsel for Plaintiff.

Dated:     August 4, 2016          **WILSON TURNER KOSMO LLP**

By:     /s/ Emily J. Fox
        CLAUDETTE G. WILSON
        KATHERINE K. POTHIER
        EMILY J. FOX
        Attorneys for Defendant
        TARGET CORPORATION

01493893.DOCX

-6-                                          Case No. 16-5808

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§
1332, 1441(a) (DIVERSITY JURISDICTION)