UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 16-5808 DMG (AGRx)** | Date October 4, 2016 |
| Title *Marcos Hernandez v. Target Corporation, et al.* | Page 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [22]**

Plaintiff Marcos Hernandez originally filed this action in Los Angeles County Superior Court against Defendant Target Corporation. ("Compl.") [Doc. # 1-1.] Target removed the case to this Court on August 4, 2016, on the basis of diversity jurisdiction. ("Removal Notice") [Doc. # 1.] On August 30 2016, Hernandez filed a motion to remand. [Doc. # 12.] The following day, on August 31, 2016, Target filed an amended removal notice. [Doc. # 13.] On September 8, 2016, Target filed an opposition. [Doc. # 18.] On September 14, 2016, Hernandez filed his reply. [Doc. # 20.]

For the reasons stated below, the Court **GRANTS** Hernandez's motion to remand.

## I.
## LEGAL STANDARD

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. section 1332, a district court shall have jurisdiction over a civil action where the matter in controversy exceeds the sum or value of $75,000 and there is complete diversity of citizenship between the parties.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-5808 DMG (AGRx)** | Date | October 4, 2016 |
|---|---|---|---|
| Title | *Marcos Hernandez v. Target Corporation, et al.* | Page | 2 of 3 |

*ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added).

## II.
## DISCUSSION

The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1). Failure to remove an action within 30 days waives a party's right to remove. *Cantrell v. Great Republic, Inc.*, 873 F.2d 1249, 1256 (9th Cir. 1989). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days of receipt by the defendant of a copy of "'an amended pleading, motion, order, or other paper' from which it may be ascertained that the case is removable." *Jordan v. Nationstar Mortgage LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(3)).

Here, Target filed its removal notice on August 4, 2016, 41 days after Hernandez served it with a copy of the summons and complaint. *See* Declaration of Edwin Pairavi ¶ 5, Ex. A (Proof of Service of Summons delivered June 24, 2016). According to Target, it did not remove the case until August 4, 2016 because the basis of removal was not evident from the face of the Complaint, and it first needed to conduct an internal investigation to ascertain whether the $75,000 amount in controversy could be satisfied. Opp. at 5-6. This assertion, however, is belied by Target's removal notice which states: "From the face of the Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs." Removal Notice ¶ 10.

To be sure, Hernandez did not provide a specific jurisdictional amount in his Complaint. Nonetheless, it is facially apparent from the facts alleged (i.e., employee termination on the basis of sexual orientation), and the damages sought (lost income, punitive damages, emotional distress damages, attorneys' fees) that the amount in controversy exceeds $75,000. *See, e.g.*, *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL (AGRx), 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014) ("While Plaintiff did not provide a specific jurisdictional amount, the facts alleged in the Complaint [which involved employment discrimination] should have indicated to Defendant that the amount in controversy exceeded $75,000."). Target asserts as much in its removal notice, where it discusses the potential value of Hernandez's lost wages, emotional and

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-5808 DMG (AGRx)** | Date | October 4, 2016 |
| Title | *Marcos Hernandez v. Target Corporation, et al.* | Page | 3 of 3 |

mental distress damages, punitive damages, and request for attorneys' fees, and concludes that "taken together, Plaintiff seeks damages well in excess of $75,000." Removal Notice ¶¶ 12-16.[1]

### III.
### CONCLUSION

Given the strong presumption against removal jurisdiction, the Court **GRANTS** Hernandez's remand motion on the basis of untimely removal. The Court **DENIES** the request for an award of attorneys' fees. This case is hereby remanded to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] Target filed an amended removal notice without leave one day after the Hernandez filed his motion to remand. [Doc. # 13.] The amended removal notice discusses a $405,000 demand letter from Hernandez that Target received on August 1, 2016, which made the demand "clearly above the $75,000 amount in controversy limit." *Id.* ¶ 16. The Court will not consider this separate basis for removal. *See Pinter v. Arthury J. Gallagher Serv. Co., LLC*, No. CV 15-9449-FMO (DTBx), 2016 WL 614348, at *5 (C.D. Cal. Feb. 16, 2016) ("[O]nce the 30 day period has expired, the defendant must seek leave to amend the notice of removal.") (internal quotation marks and citation omitted); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (removal notice "cannot be amended to add a separate basis for removal jurisdiction after [28 U.S.C. section 1446(b)'s] thirty day period").